IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY JOHN ROBERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:18-CV-2535-L-BH |
| | ) | |
| **ROWLETT POLICE DEPARTMENT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED**.

### I. BACKGROUND

On September 24, 2018, Billy John Roberson (Plaintiff) filed this lawsuit against the City of Rowlett, the Rowlett Police Department, and the Chief of Police in his official capacity based on a 2005 conviction and sentence in Cause No. F03-45525 in Dallas County, Texas, for aggravated assault with a deadly weapon. (*See* doc. 3 at 4;[1] doc. 8 at 1-9, 14.) He alleges that he was falsely arrested on December 11, 2003, and there was insufficient evidence to support his arrest and the conviction. (*See* doc. 8 at 1-9.) He seeks to have the judgment in his criminal case vacated as well as monetary damages. (*See* doc. 8 at 16.) No process has been issued in this case.

### II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.    Habeas Relief**

Plaintiff seeks to have his conviction set aside based on insufficient evidence. Habeas relief

is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A plaintiff cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Plaintiff may only obtain declaratory or monetary relief in this § 1983 action. Plaintiff's claims are not construed as a habeas petition because he has previously challenged his conviction with a habeas petition under 28 U.S.C. § 2254, which was denied. *See Roberson v. Quarterman*, No. 3:07-CV-339-B (N.D. Tex. Dec. 13, 2007). A new habeas petition would be successive, and a district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Plaintiff has not shown that he has been authorized to file a successive § 2254 petition.

**B.**   ***Heck* Bar**

Plaintiff also seeks monetary relief for alleged violation of his rights in connection with his prosecution and conviction.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the

underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Here, because Plaintiff's claims concerning his 2003 arrest and subsequent conviction clearly challenge the validity of his state court conviction, they are barred under *Heck*. He has not demonstrated that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing this action under § 1983, so his claims are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

## IV. RECOMMENDATION

Plaintiff's habeas claims should be **DISMISSED** with prejudice for failure to state a cause of action and his remaining claims should be **DISMISSED** with prejudice as frivolous under § 1915(e)(2)(B) until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**SIGNED this 22nd day of October, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                       IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE