IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BILLY JOHN ROBERSON,** | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:18-CV-2535-L-BH |
| **ROWLETT POLICE DEPARTMENT, et al.,** | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions and recommendation. Before the Court are the plaintiff's *Petition for Pre-Trial Hearing [and] Request/Motion for Default Judgement*, filed on October 26, 2018 (doc. 13). Based on the relevant filings and applicable law, the motions should be **DENIED**.

### I. BACKGROUND

On September 24, 2018, Billy John Roberson (Plaintiff) filed this lawsuit against the City of Rowlett, the Rowlett Police Department, and the Chief of Police in his official capacity based on a 2005 conviction and sentence in Cause No. F03-45525 in Dallas County, Texas, for aggravated assault with a deadly weapon. (*See* doc. 3 at 4;[1] doc. 8 at 1-9, 14.) He alleges that he was falsely arrested on December 11, 2003, and there was insufficient evidence to support his arrest and the conviction. (*See* doc. 8 at 1-9.) He seeks to have the judgment in his criminal case vacated as well as monetary damages. (*See* doc. 8 at 16.) On October 22, 2018, it was recommended that his complaint be dismissed with prejudice for failure to state a claim and as frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994). He now seeks a hearing and default judgment based on the

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

defendants' failure to respond to his complaint, which was never ordered served.  (doc. 13.)

## II.  DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the defendants have not been ordered served yet because of the preliminary screening required by 28 U.S.C. § 1915(e)(2)(B) of complaints filed by persons proceeding *in forma pauperis*, so no default has occurred or been entered.  Without a prior entry of default, the plaintiff has no basis for seeking a default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  Dismissal of the plaintiff's complaint for failure to state a claim and as frivolous has been recommended.  Default judgment is not warranted.

## III.  RECOMMENDATION

Plaintiff's motion for a hearing and default judgment should be **DENIED**.

**SIGNED this 29th day of October, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE