IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY JOHN ROBERSON,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:18-CV-2535-L** |
| **ROWLETT POLICE DEPARTMENT** and **WILLIAM M. BRODAX,** Chief of Police, | § | |
| Defendants. | § | |

# ORDER

On October 23, 2018, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") (Docs. 12, 14) were entered in this case that was brought pursuant to 42 U.S.C. § 1983, recommending that the court: (1) pursuant to 28 U.S.C. § 1915(e)(2)(B), dismiss with prejudice Plaintiff's request for habeas relief under 42 U.S.C. § 1983 for failure to state a claim because "[h]abeas relief is an inappropriate remedy in a § 1983 action" and may only be sought in a habeas corpus action* (Report 2-3) and dismiss with prejudice his remaining claims as frivolous until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) deny Plaintiff's Petition for Pre-Trial Hearing, Request/Motion for Default Judgment (Doc. 13). Plaintiff filed objections to the magistrate judge's recommendation that all claims asserted by him be dismissed (Doc. 15). He also filed a response (Doc. 16), which the court construes as an objection to an order

---

* In construing this claim as one for relief under section 1983, the magistrate judge noted: "Plaintiff's claims are not construed as a habeas petition because he has previously challenged his conviction with a habeas petition under 18 U.S.C. § 2254, which was denied," and any new habeas petition by him would be considered successive and filed without prior authorization. Report 3.

Order – Page 1

(Doc. 11) by the magistrate judge denying his request to supplement the record with documents supporting his claims.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections; **denies** Plaintiff's Petition for Pre-Trial Hearing, Request/Motion for Default Judgment (Doc. 13); **dismisses with prejudice** Plaintiff's request for habeas relief under 42 U.S.C. § 1983 for failure to state a claim; and **dismisses with prejudice** his remaining claims as frivolous until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). Dismissal of the claims asserted by Plaintiff is pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which applies to frivolous claims and claims that fail to state a claim on which relief may be granted that are subject to screening under 28 U.S.C. § 1915(e)(2).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 14th day of January, 2019.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge