IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY JOHN ROBERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:18-CV-2535-L-BH |
| | ) | |
| **ROWLETT POLICE DEPARTMENT, et al.,** | ) | |
| **Defendants.** | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the plaintiff's *Response to Motion of Dismissal*, received on January 22, 2019 (doc. 19). Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

### I. BACKGROUND

On September 24, 2018, Billy John Roberson (Plaintiff) filed this lawsuit against the City of Rowlett, the Rowlett Police Department, and the Chief of Police in his official capacity based on a 2005 conviction and sentence in Cause No. F03-45525 in Dallas County, Texas, for aggravated assault with a deadly weapon. (*See* doc. 3 at 4;[1] doc. 8 at 1-9, 14.) He alleged that he was falsely arrested on December 11, 2003, and there was insufficient evidence to support his arrest and the conviction. (*See* doc. 8 at 1-9.) On January 14, 2019, the habeas claims were dismissed with prejudice for failure to state a claim, and the remaining claims were dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) until he satisfied the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* docs. 17, 18.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On January 22, 2019, he filed his "response" to the dismissal. (*See* doc. 19.)

## II. FED. R. CIV. P. 59(e)

Plaintiff's "response" challenges the judgment in this case and was filed within 28 days of its entry, so it is properly construed as a motion arising under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff reiterates his claims and again challenges a criminal conviction with habeas claims. (*See* doc. 19.) As noted, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments." *Templet*, 367 F.3d at 479. He does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. He has not shown a basis

2

for relief under Rule 59(e).

## III.  RECOMMENDATION

Petitioner's motion (doc. 19) should be construed as a motion under Fed. R. Civ. P. 59(e) and **DENIED**.

**SIGNED** on this 30th day of January, 2019.

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```